IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ASAAD AMIR HASUAN, | |
| Plaintiff, | CIVIL ACTION NO.: 2:24-cv-53 |
| v. | |
| GEORGE FERRA, GLYNN COUNTY DETENTION CENTER, and SHERIFF E. NEAL JUMP, | |
| Defendants. | |

**O R D E R**

Defendants, appearing specially, filed a Motion to Dismiss Plaintiff's Complaint. Doc. 6. I directed Plaintiff to file a response to Defendants' Motion within 14 days of the May 20, 2024 Order and advised Plaintiff his lack of response would indicate his lack of opposition. Doc. 7. In addition, the Court's mailing was returned as undeliverable because Plaintiff is no longer at his provided address. Doc. 8. As discussed below in further detail, I **GRANT as unopposed** Defendants' Motion, **DISMISS without prejudice** Plaintiff's Complaint for failure to follow this Court's Order and Local Rules, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

BACKGROUND

Plaintiff brought this cause of action under 42 U.S.C. § 1983 and paid the applicable filing fee on April 5, 2024. Doc. 1; dkt. entry dated Apr. 5, 2024. On May 17, 2024, Defendants filed a Motion to Dismiss and argue Plaintiff did not properly serve Defendants, the Glynn County Detention Center is not an entity subject to suit under § 1983, and Plaintiff fails to state a

claim.  Doc. 6.  The Court issued an Order on May 20, 2024, informing Plaintiff Defendants had moved to dismiss his cause of action and ordering Plaintiff to file a response to the Motion to Dismiss within 14 days of that Order.  Doc. 7.  The Court cautioned Plaintiff his failure to file a timely response would indicate he does not oppose the Motion and lead to the dismissal of certain claims or the entire cause of action.  Id. at 1.  However, these 14 days have elapsed with no response.  In fact, this mailing was returned as undeliverable because Plaintiff has been transferred.  Doc. 8; Local R. 11.1.

## DISCUSSION

Plaintiff has not responded to Defendants' Motion to Dismiss or the Court's May 20, 2024 Order.  The Court must now determine how to address Plaintiff's failure to comply with this Court's Order and Local Rules.  For the reasons set forth below, I **DISMISS without prejudice** Plaintiff's Complaint and **DENY** Plaintiff leave to appeal *in forma pauperis*.

I.    **Dismissal for Failure to Follow This Court's Order and Local Rules**

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th

---

[1] In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Plaintiff his failure to respond to the Motion to Dismiss or the Court's Order would result in dismissal of this action.  Doc. 7; see also Local R. 11.1.

Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying or seeking an

3

extension of time to comply with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

Plaintiff failed to follow this Court's Order and Local Rules or respond to Defendants' Motion to Dismiss, despite having ample opportunity to do so and being forewarned of the consequences of his failure to do so.  Doc. 7; Local Rule 11.1.  Consequently, the Court **GRANTS as unopposed** Defendants' Motion to Dismiss, doc. 6, **DISMISSES without prejudice** Plaintiff's Complaint for failure to follow this Court's Order and Local Rules, and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.     Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v.

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's Order and Local Rules, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **GRANT as unopposed** Defendants' Motion, **DISMISS without prejudice** Plaintiff's Complaint for failure to follow this Court's Order and Local Rules, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

**SO ORDERED**, this 21st day of June, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA